IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC JOHNSTOWN, LP, d/b/a GOLDEN LIVING CENTER – RICHLAND; GPH JOHNSTOWN, LP; GPH JOHNSTOWN GP, LLC; GGNSC JOHNSTOWN GP, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; and GOLDEN GATE ANCILLARY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ETHEL M. SPOONE, *Executrix for the Estate of* LARRY A. SPOONE, *deceased*, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:17-cv-180 <br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

I. Introduction

Before the Court is Defendant's Motion to Stay Proceedings Pending Resolution of Collateral Action in State Court. (ECF No. 10.) Defendant's Motion is fully briefed (ECF Nos. 10, 15, 16) and ripe for disposition.

For the reasons that follow, Defendant's Motion to Stay will be **GRANTED**.

II. Relevant Factual and Procedural Background

Larry A. Spoone ("Mr. Spoone"), deceased, was a resident at the skilled nursing home known as Golden Gate Living Center – Johnstown ("the Facility") in Cambria

County, Pennsylvania. (ECF No. 10 ¶ 1.) Defendant contends that Mr. Spoone suffered several injuries and/or illnesses during his residency at the Facility because of the Facility's negligence and/or recklessness. (*Id.* ¶ 1.)

On October 6, 2017, Defendant[1] filed a Complaint in the Court of Common Pleas of Cambria County, Pennsylvania, against all Plaintiffs in the instant action. (*Id.* ¶ 2.) Defendant's state-court Complaint alleges claims for injuries suffered by Mr. Spoone pursuant to Pennsylvania's Survival Statute, 42 Pa. Stat. and Cons. Stat. Ann. § 8302, and Pennsylvania's Wrongful Death Act, 42 Pa. Stat. and Cons. Stat. Ann. § 8301. (*Id.*; ECF No. 10-1.)

Separately, Plaintiffs commenced the instant action before this Court by filing their Complaint on October 9, 2017, asking this Court to compel arbitration pursuant to a purported arbitration agreement allegedly signed by Mr. Spoone at the time of his admission to the Facility. (ECF No. 1; ECF No. 10 ¶ 3.)

Defendant filed the instant Motion to Stay and a Motion to Dismiss on December 12, 2017. (ECF Nos. 8, 10.) Plaintiffs responded in opposition on January 2, 2018. (ECF Nos. 15, 16.)

### III.   Applicable Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also*

---

[1] For the purposes of this Memorandum Opinion and the accompanying Order, "Plaintiffs" refers to the above-captioned Plaintiffs in the instant matter before this Court, and "Defendant," likewise, refers to the above-captioned Defendant in the instant matter before this Court.

2

*Commw. Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis*, 299 U.S. at 254). As such, "the power to stay an action, in non-mandatory stay cases, is firmly within the discretion of the court." *First Am. Title Ins. Co. v. Maclaren, L.L.C.*, No. 10-CV-363, 2012 U.S. Dist. LEXIS 31508, at *13 (D. Del. Mar. 9, 2012) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)).

In determining whether a stay of the litigation is appropriate, a court must balance the interests favoring a stay against the interests frustrated by the granting of a stay. *Id.* (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). In doing so, a court should consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). A court may also consider (5) the length of the requested stay. *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-1793, 2008 U.S. Dist. LEXIS 82266, at *13 (M.D. Pa. Oct. 16, 2008).

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the Court's discretion to issue a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

## IV. Discussion

In weighing the competing interests presented here, the Court concludes that a stay is warranted in the instant matter. The Court will separately address each factor applicable to a motion to stay.

### A. Undue Prejudice to the Non-Moving Party

A stay would not unduly prejudice Plaintiffs. Plaintiffs have the opportunity to seek the identical remedy sought here, i.e., a court order compelling arbitration, in the action before the Cambria County Court of Common Pleas. Defendant initiated the state-court action 3 days before Plaintiffs initiated the instant action before this Court. In this first-filed state action in which Defendant's underlying causes of action are being pursued, Plaintiffs have the opportunity to file preliminary objections and seek to compel the resolution of the dispute through arbitration—the same remedy Plaintiffs seek from this Court.

Plaintiffs scarcely suffer undue prejudice through the adjudication of the identical factual and legal issues before a qualified state court that is already handling the underlying claims. The grant of a stay in this action prevents duplicative state and federal proceedings on the identical factual and legal issues regarding the arbitration agreement. Thus, rather than causing Plaintiffs undue prejudice, granting a stay saves the parties from expending the time, energy, and money necessary to litigate identical issues in front of separate forums. This first factor weighs in favor of entering a stay.

## B. Hardship or Inequity to the Moving Party

If this Court denied the Motion to Stay, Defendant would suffer hardship because, as just discussed, Defendant would be required to expend the time, energy, and money to litigate wholly overlapping factual and legal issues before two forums. In the matter before this Court, little or no case-specific discovery has occurred, no trial date has been set, and the Court has not yet even held an Initial Rule 16 Conference or issued an Initial Scheduling Order. The parties have expended minimal resources in the instant action.

Therefore, denial of the Defendant's Motion to Stay would cause undue hardship on Defendant through the unnecessary simultaneous litigation of the same issues in multiple forums. This second factor weighs in favor of granting the Motion to Stay.

## C. Simplification of Issues

With respect to the third factor, the Court must consider "'whether a stay would simplify the issues and the trial of the case.'" *Akishev*, 23 F. Supp. 3d at 448 (quoting *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-CV-5743, 2013 U.S. Dist. LEXIS 135524, at *15 (D.N.J. Sept. 6, 2013)). A stay would allow the state court to decide whether the arbitration agreement requires Defendant's underlying claims to proceed through arbitration. Indeed, the resolution of the issue of arbitration by the Cambria County Court of Common Pleas would appear to obviate the need to continue the proceedings before this Court entirely because those issues pending before the state court and pending before this Court are identical.

Consequently, a stay simplifies the issues before this Court by allowing the original forum to resolve the identical issues first-presented to it, rather than having simultaneous,

potentially inconsistent rulings from separate forums. Thus, the third factor weighs in favor of entering a stay.

### D. Status of the Litigation

With respect to the fourth factor, "the Court evaluates Defendants' motion for a stay in accordance with the scope of presently completed discovery and the scheduling of a trial date." *Akishev*, 23 F. Supp. 3d at 448. As discussed *supra*, in the case before this Court, little or no case-specific discovery has occurred, no trial date has been set, and the Court has not yet even held an Initial Rule 16 Conference or issued an Initial Scheduling Order. Therefore, the fourth favor weighs in favor of granting Defendant's Motion to Stay.

### E. Length of the Requested Stay

The length of the requested stay aligns with the length of the state court proceeding on the identical issues that have already progressed further than the same proceedings before this Court. While the stay the Court enters here does not have a specific date of termination, this stay is not indefinite. Rather, this stay is timed to expire with the resolution of the enforceability of the arbitration agreement by the Cambria County Court of Common Pleas.

The length of the stay is appropriate because it lasts no longer than the state court's prompt resolution of the same factual and legal issues regarding the enforceability of the arbitration agreement raised herein. Thus, the final factor also weighs in favor of entering a stay.

6

## V. Conclusion

In sum, all five factors weigh in favor of this Court granting Defendant's Motion to Stay. Moreover, this Court believes that the entry of a stay in this matter is appropriate to permit proceedings germane to the question of the arbitration of the state court claims and defenses to proceed in the state court based on the principles of comity and federalism, to avoid the potential of inconsistent or conflicting dispositions, and to effectively and efficiently use the finite resources of the parties and the state and federal judiciaries to expeditiously and fairly adjudicate the issues raised by the parties. *See Golden Gate Nat'l Senior Care LLC v. Leiner*, 2:16-cv-1301, at ECF No. 21 (W.D. Pa. Feb. 2, 2017) (Hornack, J.). Therefore, for the reasons set forth above, Defendant's Motion to Stay will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC JOHNSTOWN, LP, d/b/a GOLDEN LIVING CENTER — RICHLAND; GPH JOHNSTOWN, LP; GPH JOHNSTOWN GP, LLC; GGNSC JOHNSTOWN GP, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; and GOLDEN GATE ANCILLARY, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:17-cv-180<br><br>JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ETHEL M. SPOONE, *Executrix for the Estate of* LARRY A. SPOONE, *deceased*, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

**NOW**, this 19th day of January 2018, upon consideration of Defendant's Motion to Stay Proceedings Pending Resolution of Collateral Action in State Court (ECF No. 10), and in accordance with the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant's Motion to Stay (ECF No. 10) is **GRANTED**.

Accordingly, it is **ORDERED** that this case is in all respects hereby **STAYED** pending the disposition of further proceedings in the Cambria County Court of Common Pleas. The Clerk of Court shall mark this case as **ADMINISTRATIVELY CLOSED**, subject

to being reopened for cause shown upon the motion of any party or by the Court on its own motion.

It is **FURTHER ORDERED** that the Initial Rule 16 Case Management Conference scheduled for January 25, 2018 at 11:30 a.m. is **CANCELLED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE